

**Barry Werbin**
**Counsel**
Phone: 212.592.1418
Fax:  212.545.3401
bwerbin@herrick.com

April 13, 2020

ECF FILING

Honorable Valerie Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, N.Y. 10007

      Re:     <u>Chevrestt v. Barstool Sports Inc. - No. 20-cv-1949 (VEC) (SN)</u>

Dear Judge Caproni:

     We are attorneys for defendant Barstool Sports, Inc. ("Barstool") in the above-referenced action, which was filed on March 4, 2020 (Docket No. 1). The undersigned previously filed an appearance and Rule 7.1 Disclosure Statement on behalf of Barstool.

     I write to advise Your Honor that plaintiff has failed to comply with Your Order dated and entered on March 5, 2020 (Docket No. 4; the "Order"), which required plaintiff to undertake the following:

> … to file proof of service no more than three days after service has been effected; and to produce to Defendant(s), by the earlier of 1) 14 days after service of process or 2) three business days in advance of any mediation session, copies of records sufficient to show the royalty paid the last three times the picture that is at issue in this case was licensed, as well as the number of times the picture was licensed in the last five years; if the picture at issue has never been licensed, Plaintiff must expressly certify that fact to Defendant(s) as part of Plaintiff's production.

     Plaintiff filed an Affidavit of Service on March 31, 2020 (Docket No. 8), reflecting a service of process date of March 6, 2020. Apart from not complying with the Order's mandate to file proof of service "no more than three days after service has been effected," plaintiff has failed to produce any of the documentation or responses specified in the Order. As no mediation session has yet been scheduled, such responses were due by March 20, which was 14 days after service of process. Accordingly, plaintiff has completely failed to comply with the Order.

     This is not the first time plaintiff's counsel, Richard Liebowitz, has failed to comply with Court orders and applicable rules. Mr. Liebowitz has been characterized as a "copyright troll" and



Honorable Valerie Caproni
April 13, 2020
Page 2

sanctioned multiple times by other judges.  *See e.g.*, *Wisser v. Vox Media, Inc.*, No. 19 Civ. 1445 (LGS) (S.D.N.Y. April 1. 2020) and *Rock v. Enfants Riches Deprimes, LLC*, 17-cv-2618 (ALC) (S.D.N.Y. Jan. 29, 2020).  *See also* Judge Cote's memorandum opinion in *McDermott v. Monday Monday, LLC*, 17-cv-9230 (DLC) (S.D.N.Y. Oct. 29, 2018) (characterizing Mr. Liebowitz as a "troll" and noting multiple cases imposing sanctions and citing questionable activity by him).

      We also note that plaintiff's U.S. copyright registration referenced in the Complaint (VA 2-036-343) was issued on March 31, 2017 (see enclosed printout from the U.S. Copyright Office database).  Plaintiff alleges that Barstool posted the subject photographs on its website on January 27, 2015 (based on the web site link cited in paragraph 11 of the Complaint at https://www.barstoolsports.com/blog/192079/68-women-competing-for-).  Because plaintiff filed his registration application long after the alleged infringement, plaintiff is barred from seeking statutory damages and legal fees for copyright infringement in this case under 17 U.S.C. § 412.

      Against this background, we respectfully defer to the Court for an appropriate remedy.  At a minimum, we respectfully urge the Court to issue an order (1) barring plaintiff from submitting any evidence of actual damages in this case with respect to both causes of action for alleged copyright infringement and removal of copyright management information, and (2) with respect to any claim for statutory damages for alleged removal of copyright management information under 17 U.S.C. § 202(b), a negative inference be imposed, deeming plaintiff to have no evidence of any prior licensing revenues to justify more than a minimum statutory award under 17 U.S.C. § 1203(c) (should plaintiff ultimately establish any liability by Barstool under that claim).

      Respectfully submitted,

      Barry Werbin

cc: Richard Liebowitz, Esq. (ECF)