

April 14, 2020

**VIA ECF**

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:     *Chevrestt v. Barstool Sports, Inc.,* 1:20-cv-01949 (VEC)

Dear Judge Caproni:

We represent Plaintiff Angel Chevrestt ("Plainitff") in the above-captioned case.  We write in response to Defendant Barstool Sports, Inc. ("Defendant")'s letter, dated April 13, 2020 [Dkt. #9].  Defendant seeks to preclude relevant evidence of actual damages (in the absence of a motion *in limine*) and wants an expedited ruling that the Court should adopt a "negative inference" in awarding statutory damages on Plaintiff's DMCA claim (even though a jury will be tasked with deciding such amount).

For the following reasons, the requested relief should be denied and Defendant and his counsel should be reprimanded for seeking judicial intervention without first requesting a good faith meet-and-confer with Plaintiff, as required by section 3.B of the Court's Individual Rules.

**Point I:   Defendant Violated Section 3.B of the Court's Individual Rules By Failing to Meet and Confer in Good Faith Regarding the Disclosure of Licensing Information**

In the midst of an unprecedented public health crisis, where attorneys have been displaced from their offices and staff members are struggling to keep their bearing, Defendant moves the Court for extraordinary punitive relief without even bothering to first communicate with Plaintiff.

Section 3.B of the Court's Individual Practices in Civil Cases requires that with respect to discovery disputes, "[a]ny party wishing to raise a discovery dispute with the Court must first meet and confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute."  Here, the disclosure of documents relating to past licensing history is discovery-related, and the alleged failure to produce such documents in a timely fashion qualifies as a discovery dispute, and is therefore governed by section 3.B of the Court's Rules.



Liebowitz Law Firm, PLLC

      Notwithstanding this clear mandate, Defendant and its counsel have elected to violate the Court's rules by seeking judicial intervention with the bad faith intent of gaining an unfair tactical advantage. Defendant could have sent a simple e-mail requesting the licensing fee information, or it could have called Plaintiff's counsel to confer. Instead, it ran into Court crying foul in an attempt to actually preclude relevant evidence and secure a ruling on statutory damages before a jury has had the opportunity to assess the evidence of Defendant's willful conduct. The Court should reprimand defense counsel for his gamesmanship and deny Defendant's outlandish requests, which have no precedent at law.

      In any event, Plaintiff has now disclosed licensing fee information to Defendant, which cannot show that it has been prejudiced in any way by a delayed disclosure.

**Point II:  Defendant's Prayers For Relief are Procedurally Improper and Meritless**

      Defendant asks the Court to preclude relevant evidence of actual damages under 17 U.S.C. § 504(c) and wants an expedited ruling that the Court should adopt a "negative inference" in awarding statutory damages on Plaintiff's DMCA claim (even though a jury will be tasked with deciding such amount). Both requests should be denied. With respect to the request to preclude evidence, discovery has not yet commenced and it would be premature to preclude any relevant evidence, particularly in the absence of a formal motion *in limine*.

      Moreover, while Defendant asks the Court to adopt a "negative inference" for purposes of calculating damages under 17 U.S.C. § 1203(c)(3), it seems to overlook that Plaintiff's complaint demanded trial by jury and therefore the fact-finder will be charged with assessing the amount of statutory damages to be awarded under the DMCA. Further, the amount of statutory damages to be awarded for violating section 1202 is not typically based on a license fee, *see Mango v. Buzzfeed*, 356 F.Supp.3d 368 (S.D.N.Y. 2019) (awarding $5,000 in statutory damages concerning a photograph with a value of $750). Rather, the amount of damages to be awarded depends on record evidence concerning Defendant's reckless conduct and state-of-mind (neither of which can be fairly assessed in the absence of a full dress trial).

**Point III:   Plaintiff's Delay in Filing an Affidavit of Service is Excusable and Non-Prejudicial**

      Defendant notes that the affidavit of service [Dkt. #8] should have been filed by March 9, 2020, but was not filed until March 31, 2020. But Defendant has failed to show this delay, which was occasioned by simple administrative failure, caused any prejudice to Defendant who filed a notice of appearance on March 18, 2020 [Dkt. #7] and was therefore cognizant of the action.

      Respectfully submitted,

      **/richardliebowitz/**
      Richard Liebowitz

      *Counsel for Plaintiff*