UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGEL CHEVRESTT<br><br>                    Plaintiff,<br><br>   - against -<br><br>BARSTOOL SPORTS, INC.<br><br>                    Defendant. | Docket No. 1:20-cv-1949-VEC |

**DECLARATION OF COUNSEL IN RESPONSE TO THE
COURT'S ORDER TO SHOW CAUSE**

I, RICHARD LIEBOWITZ, declare under the penalty of perjury that the following is true and correct to the best of my personal knowledge.

1. I am counsel for Plaintiff Angel Chevrestt ("Plaintiff").

2. I submit this Declaration in response to the Court's Order to Show Cause, dated April 15, 2020, in which the Court ordered me to show cause why I should not be sanctioned pursuant to Rule 16(f) of the Federal Rules of Civil Procedure [Dkt. #14]

3. Rule 16(f) provides that sanctions may be imposed for failure to obey a pretrial order "unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civi.P. 16(f)(2). The imposition of sanctions pursuant to Rule 16 is within the sound discretion of the court. *See Neufeld v. Neufeld*, 172 F.R.D. 115,118 (S.D.N.Y. 1997).

4. Here, Defendant Barstool Sports, Inc. ("Defendant") alleges two violations of the Court's March 5, 2020 order [Dkt. #4]. First, it alleges that Plaintiff failed to file an affidavit of service of the summons and complaint by March 9, 2020, within three days of the date when service was effectuated. Second, it alleges that Plaintiff failed to provide licensing fee information on or before March 20, 2020.

5. With respect to the first alleged violation, the docket shows that the affidavit of service was not filed until March 31, 2020 [Dkt. #8] Plaintiff therefore admits that the affidavit of service was filed 22 days past the Court's deadline. However, non-compliance was substantially justified on account of the fact that Liebowitz Law Firm, PLLC ("LLF") did not actually receive a copy of the affidavit of service from its Delaware process server until March 15, 2020. Moreover, LLF, a boutique firm, was transitioning to a work-from-home business model during the second two weeks in March as a result of the pandemic. This adjustment disrupted LLF's ordinary work flow, thereby causing administrative oversights. Once LLF got its bearings, it promptly filed the affidavit of service on the docket. We respectfully aver that the Court should exercise leniency and not penalize LLF or its counsel for this infraction, which caused no prejudice whatsoever to Defendant or its counsel who filed a notice of appearance on March 18, 2020 [Dkt. # 7]

6. With respect to the second alleged violation, Plaintiff admits that the licensing fee information was not produced 14 days after service of process, as per the Court's March 5, 2020 order. However, non-compliance was substantially justified for all the same reasons set forth in paragraph 5 above.

7. Finally, Plaintiff does not currently stand in violation of the Court's March 5 order because he has, in fact, produced the only financial information that he has in his

possession. To the extent Defendant does not understand the document that was produced, then Defendant is free to meet-and-confer in good faith with Plaintiff's counsel before any mediation.

Dated: April 22, 2020
      Valley Stream, NY

Respectfully submitted:

**s/richardliebowitz/**
Richard Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valleystream, NY 11580
516-233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff*