USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/8/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGEL CHEVRESTT,

Plaintiff,

-against-

BARSTOOL SPORTS, INC.,

Defendant.

20-CV-1949 (VEC)

OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

On April 15, 2020, this Court ordered Plaintiff's counsel, Richard Liebowitz, Esq., to show cause why he should not be sanctioned for failing to comply with the Court's March 5, 2020 order (the "March 5 Order"). Dkt. 14. Mr. Liebowitz responded to the Court's order with a declaration. *See* Dkt 17. Having considered his declaration, the Court finds that Mr. Liebowitz has failed to provide adequate reasons for his failure to comply with the two explicit and simple directions contained in the March 5 Order. As a result, pursuant to Fed. R. Civ. P. 16(f)(1)(C), the Court orders Mr. Liebowitz to: (i) pay a civil sanction to the Clerk of Court of $3,000; (ii) pay Defendant's counsel in an amount equal to the fees incurred by bringing his non-compliance with this Court's Order to the attention of the Undersigned; and (iii) enroll in and complete a course on managing a small law practice.

**BACKGROUND**

This case involves claims under the Copyright Act, 17 U.S.C. § 101 *et seq*. Dkt. 1. Plaintiff Angel Chevrestt alleges that Defendant Barstool Sports engaged in an unauthorized reproduction and public display of copyrighted photographs, in violation of Section 501 of the Copyright Act. *Id.*

On March 5, 2020, the Undersigned issued an order referring the case to Magistrate Judge Netburn for a settlement conference. Dkt. 4. The March 5 Order directed Plaintiff to "file proof of service no more than three days after service has been effected; and to produce to Defendant(s), by the earlier of 1) 14 days after service of process or 2) three business days in advance of any mediation session, copies of records sufficient to show the royalty paid the last three times the picture that is at issue in this case was licensed, as well as the number of times the picture was licensed in the last five years; if the picture at issue has never been licensed, Plaintiff must expressly certify that fact to Defendant(s) as part of Plaintiff's production." *Id*.

Despite the simplicity of the March 5 Order, Plaintiff's counsel, Mr. Liebowitz, failed to comply with both directions. First, although service was effected on March 6, 2020, Mr. Liebowitz did not file an affidavit of service until March 31, 2020. Dkt. 8. Second, as of April 13, 2020, Mr. Liebowitz had not produced the required royalty information to Defendant. *See* Dkt. 9.[1] In light of Mr. Liebowitz's failure to comply with the March 5 Order, the Court ordered Mr. Liebowitz to show cause why sanctions should not be imposed on him. Dkt. 14.

**DISCUSSION**

Federal Rule of Civil Procedure 16(f)(1)(C) allows a district court, on motion or *sua sponte*, to impose sanctions on an attorney who "fails to obey a scheduling or other pretrial order." The Rule's "'explicit reference to sanctions' reflects the Rule's intention to 'encourage forceful judicial management'" and "vests a district court with 'discretion to impose whichever

---

[1] On April 30, 2020, having been ordered by the Court to: "submit an affidavit from the Plaintiff explaining exactly what the invoice that was produced to Defendant's counsel on April 14, 2020 was for and further stating whether the picture at issue in this case has ever been licensed. If it has been licensed, the affidavit must state the last three times it was licensed and the fee for each," Plaintiff submitted an affidavit indicating that one of the photographs at issue in this case has been licensed once. Dkt. 19. In addition, he attached an invoice that had been belatedly produced to Defendant and explained that he was paid his day rate by the New York Post to take the photographs as a freelance photographer. Apparently the New York Post received a license for all of the photographs at issue in consideration for the Plaintiff's "day rate." *Id*. ¶ 6.

sanction it feels is appropriate under the circumstances.'" *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 53 (2d Cir. 2018) (quoting Advisory Committee's notes to 1983 amendment of Fed R. Civ. P. 16(f)). A district court's decision to impose sanctions under Rule 16(f) does not require a finding that the party acted in bad faith. *Huebner*, 897 F.3d at 53; *Rice v. NBCUniversal Media, LLC*, No. 19-CV-447, 2019 WL 3000808 at *3 (S.D.N.Y. July 10, 2019). A district court may impose sanctions under Rule 16(f) when there is "clear and convincing evidence that counsel disregarded a clear and unambiguous scheduling or other pretrial order." *Rice*, 2019 WL 3000808 at *3; *see also S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 145 (2d Cir. 2010); 6A Charles Alan Wright et al., Federal Practice and Procedure § 1531 (3d ed. 2010) ("the fact that a pretrial order was violated is sufficient to allow some sanction."). Moreover, "in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with [Rule 16(f)], unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Mr. Liebowitz, who has been described as a "copyright troll," is no stranger to sanctions orders issued by the undersigned and other Judges in this District. *See e.g., Polaris Images Corp. v. CBS Interactive, Inc.*, No. 19-CV-3670, 2019 WL 5067167, at *1 (S.D.N.Y. Oct. 9, 2019). In fact, in his relatively short career,[2] Mr. Liebowitz has "earned the dubious distinction of being a regular target of sanctions-related motions and orders," and "it is no exaggeration to say that there is a growing body of law in this District devoted to the question of whether and when to impose sanctions on Mr. Liebowitz alone." *Rice*, 2019 WL 3000808 at *1. This Court, once again, joins that growing body of law, and finds that a sanction under Rule 16(f)(1)(C) for Mr.

[2] Mr. Liebowitz graduated from law school in 2014 and became a member of the New York bar in 2015.

Liebowitz's violations is appropriate. The Court's March 5, 2020 Order contained two simple and clear instructions, both of which Mr. Liebowitz ignored. Mr. Liebowitz is familiar with both instructions; not only are they given in every similar copyright case filed before the Undersigned, but Mr. Liebowitz has been previously sanctioned by the Undersigned for failing to adhere to them. See *Polaris Images Corp.*, 2019 WL 5067167. Moreover, Mr. Liebowitz's explanation in response to the Court's show-cause order is inadequate and entirely unconvincing.

**i. Failure to Timely File Affidavit of Service**

Although Mr. Liebowitz admits that the "affidavit of service was filed 22 days past the Court's deadline," he maintains that his "non-compliance was substantially justified on account of the fact that Liebowitz Law Firm, PLLC ("LLF") did not actually receive a copy of the affidavit of service from its Delaware process server until March 15, 2020." Dkt. 17 ¶ 5. Even assuming that is true,[3] Mr. Liebowitz offers no legitimate explanation as to why it then took an additional 16 days to file the affidavit of service. Mr. Liebowitz's explanation that the COVID-19 pandemic "disrupted LLF's ordinary work flow, thereby causing administrative oversights," Dkt. 17 ¶ 5, is wholly unconvincing. First, the notion that LLF needed over two weeks to "[get] its bearings" before Mr. Liebowitz was able to accomplish the simple task of filing an affidavit of service is preposterous. Although the COVID pandemic has presumably had some effect on LLF, as it has affected all lawyers and law firms throughout the country, it does not serve as an excuse to disregard the Court's orders. Had Mr. Liebowitz requested an extension of the deadline to file an affidavit of service, the Court would have considered it. Mr. Liebowitz's

[3] Normally the Court would not be skeptical of the truth of such a representation from a licensed attorney. Mr. Liebowitz has, however, a track record of misrepresenting facts to judges on this Court. *See Berger v. Imagina Consulting, Inc.*, 18-CV-8956, Dkt. 53 (holding Mr. Liebowitz in contempt for lying to the Court about the reason for missing a Court appearance).

attempt to attribute his "administrative oversight" to the COVID pandemic is disingenuous, distasteful, unpersuasive, and likely perjurious.[4] Moreover, this is not the first time that Mr. Liebowitz has attributed his failure to follow this Court's order to file proof of service to "administrative oversight," nor is it the first time that this Court has found such an excuse to be inadequate or sanction-worthy. *See Polaris Images Corp.*, 2019 WL 5067167, at *3 ("[G]iven the frequency with which Mr. Liebowitz commits "administrative errors," the undersigned is unconvinced that they are indeed good faith oversights."); *Dvir v. Dancing Astronaut, Inc.*, No. 18-CV-9416, Dkt. 31 (the undersigned rejected Mr. Liebowitz's excuse that his failure to file a revised proposed default judgment was the result of "administrative oversight.").[5] As a result, the Court once again, rejects Mr. Liebowitz's recurring, unacceptable excuse.

**ii. Failure to Provide Licensing Information**

As noted, *supra*, the March 5 Order directed Mr. Liebowitz to "produce to Defendant(s), by the earlier of 1) 14 days after service of process or 2) three business days in advance of any mediation session, copies of records sufficient to show the royalty paid the last three times the picture that is at issue in this case was licensed, as well as the number of times the picture was licensed in the last five years; if the picture at issue has never been licensed, Plaintiff must expressly certify that fact to Defendant(s) as part of Plaintiff's production." Dkt. 4. On April 13,

---

[4] The Court notes that between March 15, 2020 and March 31, 2020, the time period during which Mr. Liebowitz was purportedly unable to file an affidavit of service as he was getting his bearings from COVID-19 caused dislocation, he filed twenty five (25) separate lawsuits in this district alone. *See* 20-cv-2309, 20-cv-2340, 20-cv-2341, 20-cv-2343, 20-cv-2344, 20-cv-2374, 20-cv-2399, 20-cv-2401, 20-cv-2437, 20-cv-2438, 20-cv-2439, 20-cv-2486, 20-cv-2544, 20-cv-2545, 20-cv-2574, 20-cv-2595, 20-cv-2596, 20-cv-2597, 20-cv-2628, 20-cv-2629, 20-cv-2631, 20-cv-2644, 20-cv-2645, 20-cv-2649, 20-cv-2668. His filing rate for that period in 2020 is approximately 30% *higher* than his rate of filing cases during the same period in 2019.

[5] *See also Sands v. Bauer Media Grp. USA, LLC*, No. 17-CV-9215, 2019 WL 4464672, at *6 (S.D.N.Y. Sept. 18, 2019) (sanctioning Mr. Liebowitz and noting that "a 'mere oversight' that happens once or twice is one thing. A pattern of discovery and related abuse is quite another, and rings of deliberate indifference to an attorney's obligation to behave in a professional, responsible, and competent manner in each and every case he handles.").

2020, Defendant informed the Court that Mr. Liebowitz had not provided any of the required documentation. Dkt 9.[6] On April 14, 2020, more than a month after service, Mr. Liebowitz sent defense counsel a one-page invoice from Plaintiff to the NY Post listing four dates and dollar amounts; Mr. Liebowitz included no accompanying explanation. Dkt. 12. The invoice failed to indicate whether the pictures at issue in this case have ever been licensed.[7] *Id.*

Mr. Liebowitz "admits that the licensing fee information was not produced 14 days after service of process, as per the Court's March 5, 2020 order." Dkt. 17 ¶ 6. In a lackluster attempt to justify his utter disregard of the Court's order, Mr. Liebowitz simply stated that "non-compliance was substantially justified for all the same reasons set forth in paragraph 5 above." *Id*. This explanation (*i.e*., that COVID-19 disrupted normal work flows) is conclusory and unacceptable. If Mr. Liebowitz was unable to produce the documents by the Court-ordered deadline, he should have moved to adjourn the deadline to produce the documents, rather than ignoring it altogether. *See Polaris*, 2019 WL 5067167, at *3 n.3. ("Mr. Liebowitz is cautioned that future failure to comply with the requirement[]…to provide the defendant with royalty information not later than the earlier of 14 days after service of process or three business days in advance of any scheduled mediation session will not be tolerated."). The Court finds it particularly ironic that Mr. Liebowitz chastised defense counsel for violating the Court's

---

[6] Defendant's letter also requested that the Court issue an order "(1) barring plaintiff from submitting any evidence of actual damages in this case with respect to both causes of action for alleged copyright infringement and removal of copyright management information, and (2) with respect to any claim for statutory damages for alleged removal of copyright management information under 17 U.S.C. § 202(b), a negative inference be imposed, deeming plaintiff to have no evidence of any prior licensing revenues to justify more than a minimum statutory award under 17 U.S.C. § 1203(c) (should plaintiff ultimately establish any liability by Barstool under that claim)." Dkt. 9. The Court will not rule on these requests at this time. Defendant is free to bring a separate motion seeking such an order if the parties are unable to settle the case.

[7] On April 30, 2020, in response to the Court's subsequent order dated April 23, 2020, Plaintiff submitted an affidavit indicating that one of the photographs has been licensed once, in addition to the license the New York Post obtained as consideration for the photographer's freelance fee. Thus, it was only after the Court directly ordered Mr. Liebowitz to submit an affidavit from his client that the invoice was explained and the licensing history produced.

individual rules and "clear mandate," Dkt. 11, when it is Mr. Liebowitz who continually fails to adhere to this Court's simple instructions.

Moreover, Mr. Liebowitz's statement that he somehow complied with the Court's March 5 order by producing "the only financial information that he has in his possession," Dkt. 17 ¶ 7, is nonsensical.  As noted *supra*, Mr. Liebowitz did not produce the invoice until April 14, 2020, almost a month past the deadline set by the March 5 Order.  In addition, the invoice failed to indicate whether any of the photographs had ever been licensed or to certify that none had.  Thus, Mr. Liebowitz has indisputably violated the clear and unambiguous instruction of the March 5 Order.  Lastly, Mr. Liebowitz's statement, which was made in response to the Court's order to show cause why he should not be sanctioned that expressly informed him that "[t]he Court concurs with the Defendant that the single document produced on April 14, 2020 does not comply with the Court's Order," Dkt. 14, that "to the extent Defendant does not understand the document that was produced, [it] is free to meet-and-confer in good faith with Plaintiff's counsel," Dkt. 17 ¶ 7, is close to contemptuous and is definitely disrespectful.[8]  Moreover, the subsequent affidavit by the Plaintiff revealed that only one of the dates reflected on the invoice is even relevant and that, separately, on January 26, 2015, one of the photographs was licensed.  Dkt. 19.  None of the other photographs at issue has been licensed.  Mr. Liebowitz has entirely failed to explain why he did not notify the Defendant of the actual license of the photograph[9] or

---

[8] In a separate endorsement responding to Plaintiff's motion to strike the invoice as containing confidential information, the Court ordered: "if Plaintiff wishes to pursue this issue, he must explain, in detail, how the invoice, which merely reflects payment for unknown work on 4 days, discloses anything remotely confidential." Dkt. 15. Plaintiff's counsel failed to offer any further explanation.

[9] It is conceivable that Mr. Liebowitz failed to disclose the single license because it was beyond the five year period covered by the order. Of course, if that were his reasoning, it is not clear why he produced the invoice, which was also beyond the five year period. Moreover, he failed to certify as required that none of the other pictures has ever been licensed.

why it should take multiple orders from this Court to get him to produce the most basic of information regarding this case.

In sum, as a result of Mr. Liebowitz's blatant disregard of the Court's Order, a sanction is appropriate. Notably, Mr. Liebowitz does not expressly argue that sanctions are unwarranted; he merely states that the Court "should exercise leniency and not penalize LLF or its counsel for this infraction which caused no prejudice whatsoever to the defendant."[10] Dkt. 17 ¶ 5. The Court reminds Mr. Liebowitz again that a sanction under Rule 16(f)(1)(C) does not require a showing of bad faith or prejudice; the Court need only find that counsel disregarded a clear and unambiguous pretrial order. *See Huebner*, 897 F.3d at 53. ("The fact that a pretrial order was violated is sufficient to allow some sanction."). As explained *supra*, the Court has no trouble making such a finding; Mr. Liebowitz indisputably ignored both instructions in the March Order. Moreover, although Mr. Liebowitz characterizes his violations as mere "oversights" or "infractions," given the frequency of such behavior, the Court highly doubts that they continue to occur in good faith. Regardless, Mr. Liebowitz's unexcused failure to follow this Court's orders has "wasted the time of both the Court and Defendant[]." *Petrisch v. JP Morgan Chase*, 789 F. Supp. 2d 437, 455 (S.D.N.Y. 2011).

---

[10] The Court disagrees that the Defendant has not been prejudiced. This case should have moved seamlessly from a complaint being filed, to Plaintiff providing basic information to facilitate settlement, to a settlement conference to, hopefully, a settlement. Instead, it foundered on the first step. Because Plaintiff failed to provide the required information, Defendant was required to enlist the help of the Court in obtaining the required information. Then, the Plaintiff, rather than promptly coming into compliance, filed a letter that was sneering and unprofessional and, in essence, argued that it was Defendant's fault that the Court was bothered as the Defendant failed to alert him that he had failed to comply with the Court's Order. It was only at that point that Mr. Liebowitz produced to the Defendant the one page invoice for four freelance assignments, only one of which was relevant – a fact he failed to disclose to the Defendant. When the Defendant was then forced to again involve the Court, Mr. Liebowitz responded not with a civil explanation of the cryptic invoice, but again with complaints about defense counsel's professionalism and a motion to strike Defendant's submission on the ground that it disclosed confidential information. When the Court denied the motion with direction to Mr. Liebowitz to explain how it could possibly contain confidential information, Mr. Liebowitz responded with silence. In short, Defendant was prejudiced by having to spend time and money obtaining from Mr. Liebowitz information that Mr. Liebowitz was under Court order to provide.

Because Rule 16(f)(1)(C) grants a district court discretion to "impose whichever sanction it feels is appropriate under the circumstances,'" and to "encourage forceful judicial management," *Huebner*, 897 F.3d at 53 (quoting Advisory Committee's notes to 1983 amendment of Fed R. Civ. P. 16(f)), a sanction of $3,000 is warranted.[11] In addition, Mr. Liebowitz must pay Defendant's attorney's fees associated with this issue.

As noted above, this Order is neither the only time the Undersigned has sanctioned Mr. Liebowitz nor is the Undersigned the only judge in this district who has sanctioned him. In *Berger v. Imagina Consulting, Inc.*, 18-CV-8956 , in responding to a contempt citation that was precipitated by Mr. Liebowitz having lied to Judge Siebel, Mr. Liebowitz's attorney argued that Mr. Liebowitz should not be held in contempt and recommended a number of steps Mr. Liebowitz should take to improve the professionalism of his practice. Among counsel's recommendations was professional psychological help and a CLE course on small law firm management. *See* 18-CV-8956, Dkt. 61 at 4. While both may be helpful, psychological help is best obtained because the patient wants help. Whether Mr. Liebowitz wants to improve or not (and the Court questions whether he does), this Court concurs with Mr. Liebowitz's attorney in *Berger* that management training is in order. Accordingly, Mr. Liebowitz is ordered to participate in CLE training regarding management of a small law firm. Mr. Liebowitz must attend such training on or before September 1, 2020. The course must cover the basics of setting up and running a law practice, including how to maintain systems so that Court obligations are tracked and obeyed. Mr. Liebowitz is directed to provide the Court with information about the

---

[11] In *Polaris*, the Court sanctioned Mr. Liebowitz for $1,500 for his failure to adhere to the exact same instructions as are at issue here. Evidently, that was insufficient to deter Mr. Liebowitz from violating court orders. Accordingly, the prior sanctioned is doubled. Mr. Liebowitz is warned that a future unexcused violation of these requirements is likely to be sanctioned by an increased fine.

course he wishes to attend for the Court's approval. He will, at the end of the course, be required to present proof of attendance and to provide a sworn statement to the Court on what he learned from the course and what concrete steps he has instituted in his practice to improve compliance with the Federal Rules of Civil Procedure and Court orders.

**CONCLUSION**

For the reasons set forth above, the Court finds that Mr. Liebowitz failed to show cause why he should not be sanctioned pursuant to Fed. R. Civ. P. 16(f). As a result, the Court ORDERS Mr. Liebowitz to pay a civil sanction to the Clerk of Court of **$3,000** for his failure to comply with the March 5 Order; to pay the Defendant's fees associated with bringing the Court's attention to his failure to comply; and to attend an approved law firm management course. Not later than **May 11, 2020**, Defendant shall provide Mr. Liebowitz with his billing rate and the number of hours spent in connection with this issue. Within **15 days of this Order**, Mr. Liebowitz must pay a total **civil sanction to the Clerk of Court of $3,000,** file proof of payment of the civil sanction and proof of payment of Defendant's fees associated with this issue. Mr. Liebowitz must provide the Court with information about the management course he wishes to attend not later than **June 1, 2020**.

**SO ORDERED.**

**Date: May 8, 2020**
**New York, NY**

**VALERIE CAPRONI**
**United States District Judge**