**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X

ANGEL CHEVRESTT,

        Plaintiff,

 -against-

BARSTOOL SPORTS, INC.,

        Defendant.

---------------------------------------------------------X

20-CV-1949 (VEC)

**DECLARATION OF RICHARD LIEBOWITZ**

**DECLARATION OF RICHARD LIEBOWITZ, ESQ.,**
**IN RESPONSE TO THE COURT'S SEPTEMBER 15, 2020 ORDER**

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. I am an attorney duly admitted to practice before this Court.

2. I make this Declaration in response to this Court's September 15, 2020 Order, which required me to submit a sworn statement to the Court detailing: 1) the concrete steps and processes I have instituted in my practice to improve compliance with the Federal Rules of Civil Procedure and Court orders; 2) what type of tickler system I am implementing in my practice and how it will enable me to keep track of deadlines; and 3) whether the New York City Bar Association's program *Panel of Lawyers Who are Doing it: Practice Management Technology to Grow Your Solo/Small Law Practice Ethically* will be offered again in 2020 or 2021.

3. With respect to this Court's first question, I am committed to improving the way I practice law, and have taken steps to do so. In December 2019, I retained a highly experienced ethics attorney, Michael S. Ross, Esq., and since then, he and his firm have spent over 100 hours working with me to improve the practice management of my firm. Mr. Ross has had countless

conversations with me and my senior staff; and he has performed on-site visits to my office in late-February 2020, during which he met with me and my staff to review the physical operations and actual intake and litigation process of my firm.

4. Among other things, and at Mr. Ross' direction, I purchased the "Clio" practice management software suite for my firm. (See http://www.clio.com.) Among other features, the Clio software suite aggregates all information concerning a client matter on a single dashboard, allowing me and my staff to quickly access all relevant case information necessary for Court filings. Clio also links every contact, document, calendar event, note, time entry, and bill to the appropriate case; it tracks a client's history of contacts and conversations with my firm across e-mails, telephone calls, etc.; and it permits my firm's staff to log-in remotely to retrieve case information while working from home or outside the office. Utilizing Clio has provided me and my firm – for the first time – with the ability to properly manage case information.

5. In addition, and in response to this Court's second question, I have started using Clio's electronic "tickler" system to alert me and my staff as to all critical dates and to inform me and my staff of when deadlines are approaching. Unfortunately, although new cases are entered into Clio, my firm's thousands of earlier cases are being inputted into the system on an ongoing basis, but it is a slow process. At the same time as I was being counseled by Mr. Ross and was implementing the Clio litigation management system, I came to accept the fact that no management improvement for my firm would have any true impact unless I ceased accepting as many clients as I had been. For that reason, I reduced my new client intake by nearly 50%. This has allowed my staff to become more careful in their filings, pending Clio being fully operational and pending my having completed reforming the management of my firm from the ground up. Mr. Ross has assured me that he will continue to support and mentor me in the proper

management of my firm, the manner in which I communicate with the courts, and the manner in which my firm makes representations to adversaries and courts.

6. Moreover, I am delegating tasks to employees to make the Firm more efficient in managing cases. Every Sunday I review what is due that week and create tasks for employees to make sure everything is done on time.

7. Finally, I am consulting with Mr. Ross and others concerning undertaking a professional affiliation with lawyers outside my firm to create a firm structure that will provide me, my staff and my clients with additional support to assure compliance with the Federal Rules of Civil Procedure and Court orders.

8. With respect to this Court's third question, based upon online research and a conversation with the New York City Bar Association's staff, it is my understanding that the CLE program entitled "*Panel of Lawyers Who are Doing it: Practice Management Technology to Grow Your Solo/Small Law Practice Ethically*" will not be offered again in 2020 or 2021, however, the Small Law Firm Committee who put this program together will likely have another program similar in the future. However in the interim, I found three somewhat similar programs concerning practice management which are offered by the New York State Bar Association: 1) "*Solos And Small Firm Lawyers Conference Part One: Your Firm*" (Sept. 14, 2020); 2) "*Risk Management For Lawyers*" (Sept. 25, 2020); and 3) "*Hot Topics In Law Practice Management*" (2019).

9. I have already started watching the program entitled *Solos And Small Firm Lawyers Conference Part One: Your Firm*.

10. I apologize for consuming this Court's time and stand ready to provide any additional information required by the Court.

I declare under penalty of perjury that my foregoing statements are true and correct. Executed on September 30, 2020.

                                                              /s/Richard Liebowitz  
                                                              RICHARD LIEBOWITZ